JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michelle A. Major

### DEFENDANTS
Tredyffrin Township

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott M. Pollins, Pollins Law, 303 W. Lancaster Ave., Ste. 1C, Wayne, PA 19087, 610-896-9909

Attorneys *(If Known)*
Andrew B. Adair, Deasey, Mahoney & Valentini, Ltd.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 345 Marine Product Liability | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 480 Consumer Credit (15 USC 1681 or 1692) |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act | | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor/Management Relations | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 740 Railway Labor Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee | | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | [x] 442 Employment / 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | |
| 290 All Other Real Property | | 462 Naturalization Application | | |
| | 446 Amer. w/Disabilities - Other / 540 Mandamus & Other | 465 Other Immigration Actions | | 950 Constitutionality of State Statutes |
| | 448 Education / 550 Civil Rights | | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII

Brief description of cause:
Gender discriminatory failure to promote female police officer

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ Unliquidated

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 9/27/21
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __Chester County, PA__

Address of Defendant: __110 DuPortail Road, Berwyn, PA 19312__

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case  ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __09/27/2021__  ____[signature]____  __PA76334__
    *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

CIVIL: (Place a √ in one category only)

A.  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
   *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Scott M. Pollins__, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: __09/27/2021__  ____[signature]____  __PA76334__
    *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHELLE A. MAJOR** | : | |
| Plaintiff | : | **CIVIL ACTION NO.** |
| v. | : | |
| **TREDYFFRIN TOWNSHIP** | : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

## COMPLAINT

**I.  INTRODUCTION**

1. Plaintiff, Michelle A. Major (Major), is suing her current employer, Tredyffrin Township and its police department (TTPD), for gender discrimination for failing to promote Major from a Sergeant to a Lieutenant. Major brings this action under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 (Title VII) and the Pennsylvania Human Relations Act (PHRA). TTPD has failed to promote Major from a Sergeant to a Lieutenant due to gender discrimination. Major seeks back pay, front pay, compensatory damages, interest, costs, negative tax consequence damages, injunctive and declaratory relief and attorneys' fees from TTPD. The inability of women like Major to advance to the highest positions with the Tredyffrin Township Police Department/TTPD is due to the gender-based and long-standing 'good old boys club' and 'glass ceiling' within the TTPD which inhibits, prohibits and denies career advancement to deserving women police workers.

**II.  JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f). Furthermore, TTPD's conduct with regard to Major violated the PHRA, and the pendant jurisdiction of this Court is invoked to remedy those violations.

3. Major has exhausted all remedies available to her as set forth in Title VII and the PHRA. On October 15, 2020, Major timely filed a charge with the Equal Employment

Opportunity Commission (EEOC), which charge was dual filed with the Pennsylvania Human Relations Commission. The EEOC issued a notice of right to sue to Major on July 26, 2021. This action is filed with 90 days of Major's receipt of the EEOC's notice of right to sue.

4. Venue is proper in the Eastern District of Pa. because Major's claims arose in this judicial district.

### III. PARTIES

5. Major is a female who resides in Chester County, PA.

6. TTPD is a municipal entity, and at all time relevant to this Complaint had about 200 employees.

7. in 1995, Major started working for TTPD as a patrol officer. In 2003, Major was promoted to be a Corporal. In 2012, Major was promoted to be a Sergeant.

8. In the nearly 100-year history of TTPD, no female has ever held a higher position than Sergeant.

### IV. FACTUAL BACKGROUND

9. In 2017 and again in 2020, Major sought to be promoted from Sergeant (Sgt.) to Lieutenant (Lt.). Major is suing TTPD in this case for only the 2020 discriminatory promotion decision.

10. On July 15, 2020, TTPD Superintendent T. Michael Beaty (Beaty) announced that TTPD was undertaking a promotional process for an Administrative Lieutenant. According to Beaty's July 15 memo to all personnel, interested candidates needed a minimum of 5 years of experience with TTPD and have held the rank of Sergeant for 2 years. Beaty's memo stated that the successful candidate will have demonstrated leadership traits that promote the mission of TTPD. Beaty's memo also stated that the examination process will include an interview panel

conducted by the Supt., Lt. Timothy Brown (Brown) and a neutral law enforcement executive, as well as a review of the candidate's work history, training and evaluations.

11. Shortly thereafter and in July 2020, Major submitted her application. She hoped to break through TTPD's gender-based 'good old boys club' and 'glass ceiling' and become the first woman in the history of TTPD to advance beyond Sgt.

12. Once TTPD knew that there 5 applications for the Lt. position, Major and 4 other males, TTPD changed the rules by taking away the presence of a neutral law enforcement executive during the interview process. Had the neutral law enforcement executive participated in the interview process, that person would have realized that Major's qualifications for promotion to Lieutenant far exceeded those of her male colleagues. Major learned that only Beaty and Brown would conduct interviews and no neutral law enforcement executive would be part of the promotion process.

13. Brown is the head of TTPD's gender-based 'good old boys club'.

14. On August 12, 2020, Major interviewed for the Lt. position. Later that same day, she found out that she was not going to be promoted and instead her male colleague, Sgt. Tyler Moyer (Moyer), was going to be promoted to Lt. pending approval at a September 21 meeting of the Board of Supervisors.

15. Major's qualifications for Lt. far exceed those of Moyer. Major has a bachelor of science in organizational leadership and master of science in strategic leadership. She is also a distinguished graduate of the FBI National Academy in Quantico, Virginia. Moyer has a bachelor's but no further leadership or strategy degrees and he did not graduate from the FBI National Academy.

16. The FBI National Academy is a professional course of study for U.S. and international law enforcement managers nominated by their agency heads because of demonstrated leadership qualities. The 10-week program—which provides coursework in intelligence theory, terrorism and terrorist mindsets, management science, law, behavioral science, law enforcement communication, and forensic science—serves to improve the administration of justice in police departments and agencies at home and abroad and to raise law enforcement standards, knowledge, and cooperation worldwide. National Academy — FBI (accessed 8/3/21).

17. Brown groomed Moyer for the Lt. position that Major was clearly more qualified for. Moyer was part of Brown's 'good old boys club'. Before Moyer was discriminatorily promoted over Major, he was often called A4 by many in the police department. This is because everyone knew he had privileges (including being a member of the 'good old boys club') that others did not, particularly Major. Prior to Moyer's promotion, TTPD's administration allowed Moyer access to use of computer software that Major was not allowed access to.

18. Since 2017 when Beaty came on as Supt. of TTPD, he's made no effort to get to know Major as one of his leaders in the police department. Instead, Beaty's perception of Major is polluted by the gender discriminatory lens of TTPD's 'good old boys club' led by Brown and his predecessor, Joseph Glatts (Glatts).

19. TTPD claims that it promoted Moyer over Major because 1) Moyer came prepared to his interview with an interdepartmental communication plan, 2) he had creative suggestions to improve the administrative functions of the position, and 3) he demonstrated superior technological proficiency.

20. The job description did not mention interdepartmental communication as any 1 of the 29 Essential Job Functions nor was this listed among the Minimum Requirements of This Position.

21. Although the job description lists 'new management techniques' as 1 of the 29 Essential Job Functions and it's possible this might be construed to include improvements to administrative functions, this is only 1 of 29 essential job functions and represents a narrow slice of the job.

22. The 5th of 5 Minimum Requirements of This Position required ability to use or operate the following: computer literate: standard software and proprietary police software. Standard police department equipment: police car, police radio, speed timing devices, handgun and other weapons, handcuffs, breath testing equipment, pager, first aid equipment. Nowhere on the job description did it state that any particular superior technical proficiency was required.

23. On September 15, 2020, Major submitted an internal gender discrimination complaint to TTPD. At no time during the 5 week period between TTPD announcing Moyer was going to be promoted and Major submitting her gender discrimination complaint did Beaty, Brown or Captain Joseph Glatts (Glatts), who was retiring as Captain, approach Major and offer her any guidance to help her understand what her alleged deficiencies were, why she was less qualified than Moyer to be hired as Lt., and what she needed to work on to be promoted. Instead, they did not care to reach out to Major because they wanted her to remain under the gender discriminatory 'glass ceiling' at TTPD.

24. After Major submitted her internal gender discrimination complaint, Beaty, Brown and Glatts mostly ignored Major and acted like she did not exist. Even Moyer ignored her as well.

25. Beaty used to check in with Major as she is in charge of the traffic unit. Beaty and Brown would regularly visit the office to discuss traffic related issues or just to chat. That almost 100% stopped (at least while Major is present in the office). The corporal of her unit is in TTPD's 'good old boys club', and the administration used to honor that she was the ranking officer, but the chain of command became mostly ignored because the information began to be passed mostly through the corporal which is not customary. Beaty and Brown barely acknowledged Major's existence. This conduct continued throughout the last few months of 2020 and into 2021.

26. While TTPD has a promotion policy, it is outdated having last been revised in 1993. According to Section III.7 of the promotion policy, TTPD should keep an eligibility list for each promotion. However, TTPD has haphazardly complied with this, sometimes keeping an eligibility list, sometimes not. For the 2020 Lt. promotion, Beaty announced the promotion process, which included using a third party neutral to interview the candidates, but then eliminated this guard against discriminatorily influenced promotion decisions at the last minute.

27. TTPD claimed due to schedules they would forego using a neutral evaluator. However, all of the interviews were conducted on the same day. There is no legitimate reason that TTPD could not have the neutral evaluator. Additionally, there was no rush to have the interviews. They could have easily scheduled the interviews to accommodate everyone's schedule while allowing for the neutral evaluator.

28. The COVID-19 pandemic was also not a legitimate reason for TTPD to forego using the neutral evaluator in August 2020 for the Lt. interviews. In January 2021, TTPD conducted interviews for a detective position, and TTPD allowed a neutral evaluator to participate in these interviews.

29. Because Major had applied in 2017 to be promoted to Lt. but was not hired back then, TTPD knew that she had aspirations to be promoted. But TTPD's administration did nothing between 2017 and 2020 to support Major and her desire to be promoted. Instead, Major, on her own initiative, obtained training that enabled her to far exceed the qualifications of her male counterparts, including Moyer.

30. In 2017, Major obtained letters of reference to support her promotion to Lt. When Beaty posted for the 2020 lieutenant position, he specifically stated that he did not want any reference letters.

31. TTPD failed to promote Major due to gender discrimination.

32. Major has suffered, is now suffering and will continue to suffer emotional distress, embarrassment, humiliation, inconvenience, mental anguish, career damage and other losses as a direct result of TTPD's illegal conduct.

**V.      CLAIMS**

### COUNT I – GENDER DISCRIMINATION
### TITLE VII and PHRA

33. Paragraphs 1 through 32 are incorporated by reference as if fully set forth herein.

34. The acts, failures to act, practices and policies of TTPD set forth above constitute gender discrimination in violation of Title VII and the PHRA.

35. As a result of TTPD's illegal gender discrimination, Major has suffered harms and losses in the form of back pay and benefits, front pay and benefits and emotional distress including anxiety, stress, humiliation, career damage and embarrassment.

WHEREFORE, Major demands judgment in her favor and against TTPD, for compensatory damages, back pay, instatement to the Lieutenant position, negative tax consequence damages, attorney's fees plus costs, declaratory relief that the conduct engaged in by TTPD violated Major's civil rights, equitable/injunctive relief directing TTPD to cease any and all unlawful gender discrimination and requiring an external monitor be appointed to report to the Court quarterly for 36 months on TTPD's diversity and inclusion efforts in its leadership, and such other relief as the Court shall deem proper.

                Respectfully submitted,

By:    /s/ Scott M. Pollins
      Scott M. Pollins/ Pa. Atty. Id. No. 76334
      **Pollins Law**
      303 W. Lancaster Ave., Ste. 1C
      Wayne, PA 19087
      (610) 896-9909 (phone)/(610) 896-9910 (fax)
      scott@pollinslaw.com (email)

Date:   9/27/21        Attorney for Plaintiff, Michelle A. Major